# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3893 | **DATE** | October 13, 2010 |
| **CASE TITLE** | Willie J. Williams (R-43179) v. Village of Calumet Park | | |

**DOCKET ENTRY TEXT:**

Plaintiff has paid the $350 filing fee and has submitted an amended complaint in accordance with the court's 8/4/10 order. The amended complaint may proceed against Calumet Park Police Officers Nesbit and Nettles, Chief of Police Mark Davis, and the Village of Calumet Park. The clerk shall issue summonses for service of the amended complaint [10] on these Defendants. Summonses shall not issue for the John Doe Defendants until their identities are known. The remaining Defendants are dismissed. The Clerk shall forward to Plaintiff a magistrate judge consent form and instructions for filing documents in this court. Plaintiff's motion for the appointment of counsel [9] is denied at this time.

■ **[For further details see text below.]**

Docketing to mail notices.

## STATEMENT

Plaintiff Willie J. Williams (R-43179), currently incarcerated at the Hill Correctional Center, has paid the $350 filing fee and has submitted an amended complaint, as directed in the court's August 4, 2010, order. The amended complaint names as Defendants Calumet Park Police Officers Nesbit, Nettles, and three unknown officers. Also named as Defendants are the Village of Calumet Park, Calumet Park's Police Chief Mark Davis, and former Mayor DuPar. Plaintiff asserts that the officers "buzzed" Plaintiff during a traffic stop and arrest in January 2010, which resulted in fractured bones in his calf. Although Plaintiff's description of the incident is not clear, it is apparent that he is challenging the force used during the stop. Plaintiff names Chief of Police Davis, Mayor DuPar, and the Village of Calumet Park for failing to supervise or train Calumet Park officers.

The court has conducted a preliminary review of the amended complaint. 28 U.S.C. § 1915A. Plaintiff may proceed with his claims against Officers Nesbit, Nettles, the three John Doe Defendants, Police Chief Davis, and the Village of Calumet Park. The claim against former Mayor DuPar, however, is dismissed.

With respect to the police officers, Plaintiff sufficiently alleges excessive force claims. *See Gonzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009) (setting out the standard for excessive force claims).

With respect to Police Chief Davis and the Village of Calumet Park, Plaintiff's amended complaint alleges that Davis and the Village, perhaps through Davis, had received complaints of unconstitutional conduct of Calumet Park officers, yet did nothing to prevent future similar conduct. Such allegations, if true, may establish § 1983 liability against Davis and the Village. *See Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *S.J. v. Perspectives Charter School*, 685 F. Supp. 2d 847, 859 (N.D. Ill. 2010) (to establish deliberate indifference by a municipality or one of its policymakers, a plaintiff must demonstrate that the policymaker was actually aware of an unconstitutional custom or policy, yet did nothing to correct it).

**(CONTINUED)**

isk

With respect to the former mayor, however, Plaintiff alleges only that had he fulfilled the duties of his office, he would have known of the unconstitutional conduct. Such allegations do not sufficiently state a valid claim against the former mayor. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (supervisory officials cannot be held liable for failing to detect unconstitutional conduct; rather, liability rests only for deliberately refusing to do anything in response to a known condition or custom); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (mere labels and legal conclusions are insufficient to state a claim; a complaint must provide enough facts to raise a litigant's right of relief above a speculation level).

Accordingly, Plaintiff may proceed with his amended complaint against the Village of Calumet Park, Chief of Police Mark Davis, and Officers Nesbit, Nettles, and the three unknown officers. Once an attorney enters an appearance for one of the named Defendants, Plaintiff should send the attorney interrogatories (written questions) seeking the identities of the unknown officers. *See Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir.1995). Plaintiff is given 90 days after an attorney enters an appearance, and his failure to seek the names of the unknown officers during that period may result in the dismissal of the claims against the John Doe Officers.

The United States Marshals Service is appointed to serve Calumet Park Police Officers Nesbit and Nettles, Chief of Police Mark Davis, and the Village of Calumet Park. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to former officers or persons who no longer can be found at the work address provided by plaintiff, the Village of Calumet Park authorities shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise], and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service. If unable to obtain waivers, however, the Marshal shall attempt to serve the Defendants personally.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, Plaintiff would have to submit an affidavit demonstrating that he could not afford counsel. Also, the case at the present time does not involve complex discovery issues or an evidentiary hearing, and Plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).