Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3893 | **DATE** | May 6, 2011 |
| **CASE TITLE** | Willie J. Williams v. Village of Calumet Park, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [Doc. #32] is denied. The Defendants, Officers Nettles and Nesbit, the Village of Calumet Park, and Chief of Police Mark Davis, must answer the amended complaint within 30 days of the date of this order. A status hearing is set for Thursday, June 16, 2011 at 9:00 a.m. Within three business days before the status, the parties shall file status reports stating what discovery has been conducted, what discovery the parties seek to conduct, and whether the parties have engaged in settlement discussions.

■ [**For further details see text below.**]   Docketing to mail notices.

# STATEMENT

Plaintiff, Willie J. Williams, filed this civil rights suit pursuant to 42 U.S.C. § 1983 against Village of Calumet Park, former Mayor DuPar, Calumet Park Chief of Police Mark Davis, Officer Nesbit, and Officer Nettles, and three unknown officers. Plaintiff alleges that he was "buzzed" (stopped) by Officers Nettles and Nesbitt on January 27, 2010. These officers, along with three unknown officers, allegedly used excessive force against Plaintiff resulting in fractures of bones in his left calf and foot. [Doc. #10, Amended Compl. at 5, 10.] Plaintiff alleges a *Monell v. Department. of Social Services*, 436 U.S. 658, 690 ((1978), claim against the Village and Police Chief Davis based upon an alleged custom of excessive force incidents and a failure to train or supervise officers as to how to make proper stops. Plaintiff also alleges that Police Chief Davis was personally involved because he was aware of the excessive force incidents, but took no corrective actions. [*Id.* at 5-10.]

The court conducted a preliminary review of the amended complaint and allowed Plaintiff to proceed against Officers Nesbit and Nettles, Police Chief Davis, and the Village of Calumet Park. The court dismissed former Mayor Dupar as a Defendant. [Doc. #14.] With respect to the three unknown officers, the court stated that Plaintiff should seek to learn their identities from counsel for the other Defendants. [*Id.*] The Defendants, including the already-dismissed Defendant Mayor Dupar, have filed a motion to dismiss all of the claims against them pursuant to FED. R. CIV. P. 12(b)(6). [Doc.#32, 33.] Plaintiff has responded. [Doc. #35.] For the following reasons, the court denies the motion to dismiss.

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits, or determine a plaintiff's ability to succeed on his claims. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, this court assumes all well-pleaded allegations to be true and views the alleged facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to Plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The court complaints from *pro se* litigants with particular liberality. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

When addressing a motion to dismiss, this court first determines whether, under the notice pleading requirement of FED. R. CIV. P. 8(a), the complaint sufficiently provides the Defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). With respect to Officers Nettles and Nesbit, as well as the three unknown officers, Plaintiff's allegations are sufficient to meet that requirement. Plaintiff alleges that, on January 23, 2010, Nettles and Nesbit "buzzed" (stopped) him. [Doc. #10, Amended Compl. at 5, 10.] Three unknown officers arrived during the stop. The officers used excessive force against Plaintiff, causing fractures in the bones of his calf and foot. [*Id.*] Defendants correctly point out that Plaintiff now clarifies that "buzzed" means only that he was stopped (as opposed to being tazered or subjected to some other kind of force) and that Plaintiff provides no details about the officers' use of force. Nevertheless, his allegations are sufficient to state an excessive force claim. He need not provide a "blow-by-blow" account of the excessive force. *Clark v. City of Chicago*, No. 10 C 1803, 2010 WL 4781467, *3 (N.D. Ill. Nov. 17, 2010) (Der-Yeghiayan, J.); *see also Johnson v. Johnson*, No. 07 C 7036, 2008 WL 4874190, *1 (N.D. Ill. June 26, 2008) (Guzman, J.) (general allegation of excessive force sufficient at pleading stage). The amended complaint's allegation that Nesbit, Nettles, and the unknown officers used excessive force during a stop on January 23, 2010, is sufficient to satisfy the notice-pleading requirement of FED. R. CIV. P. 8(a). *See Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (the complaint must put the defendant on notice of the claim, the ground upon which it rests, along with "some indication ... of time and place" to satisfy the notice pleading requirement). The motion to dismiss with respect to Nettles and Nesbit is denied, and they must answer the complaint.

The motion to dismiss is also denied with respect to the Village of Calumet Park and Police Chief Mark Davis. Plaintiff alleges that the Village failed to properly train and supervise its officers about how to conduct a proper stop. He asserts that complaints filed by other citizens about assaults have resulted in no corrective action, and that officers have been permitted to continue such assaults. [Doc. #10, Amended Compl. at 5-6.] Plaintiff states similar allegations against Police Chief Davis, asserting that he knew about the use of excessive force by police officers reporting to him, but took no corrective actions. [*Id.* at 8-9.]

"A local governing body may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell*, 436 U.S. at 690). Allegations that a policymaker was "deliberately indifferent as to [the] known or obvious consequences" sufficiently state a claim against the municipality. *Thomas*, 604 F.3d at 303 (internal quotation marks and citation omitted). Furthermore, a supervisory official can be held liable in his individual capacity if he knows of and facilitates, approves, condones, or turns a blind eye to unconstitutional conduct. *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000); *Duckworth*, 65 F.3d at 561.

Plaintiff alleges both a claim of an unconstitutional policy against the Village and Police Chief Davis, as well as a deliberate indifference claim against Davis in his individual capacity. Plaintiff's amended complaint speaks only in general terms about a history of assaults by officers during traffic or other stops, [*see* Doc. #10 at 5-9], and his response to the motion to dismiss is not much more specific [*see* Doc. #35 at 2-5]. Such allegations are sufficient, however, for pleading purposes. *See Johnson*, No. 07 C 7036, 2008 WL 4874190 at *1. Accordingly, the court denies the motion to dismiss with respect to the Village of Calumet Park and Police Chief Mark Davis. These Defendants must answer the amended complaint within 30 days of the date of this order.

**STATEMENT (continued)**

With respect to former Mayor Dupar, the court dismissed him as a Defendant in its 10/13/10 order. With respect to the three officers referred to as John Does in the amended complaint, Plaintiff must seek to include them once he learns their identities. Plaintiff indicates that their names should be contained in the police report of the stop. Defendants are directed promptly to furnish copy of that report. Upon receipt of documents from which he can determine their identities, Plaintiff will have leave promptly to file an amended complaint that names them or move to substitute their names for the John Doe Defendants.

Attached to Plaintiff's response to the motion to dismiss is a request for the appointment of counsel, which was not docketed as a separate motion. [Doc. #35 at 8-17.] The court denies this request at this time. *See Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007). Currently, this case does not involve an evidentiary hearing or complex issues of discovery, and Plaintiff's pleadings demonstrate that he is capable of representing himself at this stage. *See id.* The court may reconsider whether to appoint counsel after the parties submit status reports about the progress of this case.